UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JANE DOES 1, 2 and 3, individually and on
behalf of all others similarly situated,

     Plaintiffs,               Case No.  17-cv-12212

-vs-                          Hon.  Linda V. Parker

THE COLISEUM BAR & GRILL, INC., a
Michigan corporation; ABCDE OPERATING, LLC,
d.b.a. The Penthouse Club, a Michigan Limited
Liability Company, M & M ZIN ENTERPRISES, INC.,
JOHNI SEEMA and ALAN MARKOVITZ, an individual,
jointly and severally,

     Defendants.

| | |
|---|---|
| Jennifer L. McManus (P65976)<br>FAGAN MCMANUS, P.C.<br>Attorneys for Plaintiff<br>25892 Woodward Avenue<br>Royal Oak, MI  48067-0910<br>(248) 542-6300<br>jmcmanus@faganlawpc.com<br><br>Megan Bonanni (P52079)<br>PITT MCGEHEE PALMER & RIVERS, P.C.<br>Attorneys for Plaintiff<br>117 West Fourth Street, Suite 200<br>Royal Oak, MI 48067<br>(248) 398-9800<br>mbonanni@pittlawpc.com | Jay A. Schwartz (P45268)<br>Mary A. Mahoney (P41568)<br>SCHWARTZ LAW FIRM, P.C.<br>Attorneys for Defendants, ABCDE,<br>Markovitz, and M & M Zin Only<br>37887 West Twelve Mile Rd., Ste A<br>Farmington Hills, MI 48331<br>(248) 553-9400<br>jschwartz@schwartzlawfirmpc.com<br>mmahoney@schwartzlawfirmpc.com |

**JOINT MOTION IN SUPPORT OF APPROVAL OF SETTLEMENT OF
COLLECTIVE ACTION AND ATTORNEYS' FEES UNDER THE FLSA**

Plaintiffs, by and through their undersigned counsel, individually and on

behalf of all others similarly situated, and Defendants ABCDE Operating, LLC, Alan Markovitz and The Coliseum Bar & Grill, Inc. (jointly referred to as "ABCDE"), by and through their attorneys, move for an order granting approval to the collective action settlement described in the Settlement Agreement and Release of Claims, attached hereto as Exhibit 1 (hereinafter referred to as "Settlement Agreement").[1] Approval of the proposed Settlement is further supported by the attached Memorandum of Law.  The parties further state that:

1.     The terms and conditions of the proposed settlement between the Plaintiff Class and Defendants ABCDE as defined and described in Settlement Agreement and Exhibits are fair, reasonable, and adequate.

2.     That the form of the Notice of Settlement and the method of disseminating this information to the Collective, as described in the Joint Stipulation and Exhibits thereto is fair, reasonable and adequate to the Collective.

3.     That the method of allocating a settlement award to each member of the Settlement Class is fair, reasonable and adequate.

4.     That the attorney fees and costs outlined in the Joint Stipulation

---

[1] The parties are submitting a redacted version of the Settlement Agreement and Release of Claims (and the Individualized Awards) for electronic filing pursuant to the confidentiality terms of the Settlement Agreement. The parties are also submitting a courtesy copy of this motion to the Court with an un-redacted version of the Settlement Agreement, the Individualized Awards, and Release of Claims for the Court's *in camera* review.

are fair, reasonable and adequate.

5.      Defendants ABCDE consent to the relief requested herein.

6.      On July 22, 2020, notice of the proposed settlement was sent to all Plaintiffs.  Included with the notice was information regarding how to object to the proposed settlement and a deadline by which to do so.  A copy of the notice is attached as Exhibit 3.

Respectfully submitted,

/s/ Jennifer L. McManus
Jennifer L. McManus (P65976)
FAGAN MCMANUS, P.C.
Attorneys for Plaintiff
25892 Woodward Avenue
Royal Oak, MI  48067-0910
(248) 542-6300
jmcmanus@faganlawpc.com


Megan Bonanni (P52079)
PITT MCGEHEE PALMER & RIVERS, P.C.
Attorneys for Plaintiff
117 West Fourth Street, Suite 200
Royal Oak, MI 48067
(248) 398-9800
mbonanni@pittlawpc.com

/s/ Jay A. Schwartz
Jay A. Schwartz (P45268)
Mary A. Mahoney (P41568)
SCHWARTZ LAW FIRM, P.C.
Attorneys for Defendants, ABCDE,
Markovitz, and M & M Zin Only
37887 West Twelve Mile Rd., Ste A
Farmington Hills, MI 48331
(248) 553-9400
jschwartz@schwartzlawfirmpc.com
mmahoney@schwartzlawfirmpc.com


Dated:   July 23, 2020

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JANE DOES 1, 2 and 3, individually and on
behalf of all others similarly situated,

     Plaintiffs,                    Case No.  17-cv-12212

-vs-                               Hon.  Linda V. Parker

THE COLISEUM BAR & GRILL, INC., a
Michigan corporation; ABCDE OPERATING, LLC,
d.b.a. The Penthouse Club, a Michigan Limited
Liability Company, M & M ZIN ENTERPRISES, INC.,
JOHNI SEEMA and ALAN MARKOVITZ, an individual,
jointly and severally,

     Defendants.

---

| | |
|---|---|
| Jennifer L. McManus (P65976)<br>FAGAN McMANUS, P.C.<br>Attorneys for Plaintiff<br>25892 Woodward Avenue<br>Royal Oak, MI  48067-0910<br>(248) 542-6300<br>jmcmanus@faganlawpc.com | Jay A. Schwartz (P45268)<br>Mary A. Mahoney (P41568)<br>SCHWARTZ LAW FIRM, P.C.<br>Attorneys for Defendants, ABCDE,<br>Markovitz, and M & M Zin Only<br>37887 West Twelve Mile Rd., Ste A<br>Farmington Hills, MI 48331<br>(248) 553-9400<br>jschwartz@schwartzlawfirmpc.com<br>mmahoney@schwartzlawfirmpc.com |
| Megan Bonanni (P52079)<br>PITT McGEHEE PALMER & RIVERS, P.C.<br>Attorneys for Plaintiff<br>117 West Fourth Street, Suite 200<br>Royal Oak, MI 48067<br>(248) 398-9800<br>mbonanni@pittlawpc.com | |

# TABLE OF CONTENTS

INDEX OF AUTHORITIES .................................................................................................. ii

I.     INTRODUCTION ................................................................................................. 1

II.    PERTINENT FACTS ............................................................................................. 2

III.   SUMMARY OF THE SETTLEMENT TERMS ........................................................... 4

       A.  THE SETTLEMENT FUND ........................................................................... 4

       B.  ELIGIBLE EMPLOYEES .............................................................................. 4

       C.  ALLOCATION FORMULA ........................................................................... 5

       D.  SETTLEMENT PAYMENTS .......................................................................... 6

IV.    ARGUMENT ....................................................................................................... 6

       A.  STANDARD OF REVIEW ............................................................................ 6

            1.  THE ABSENCE OF FRAUD OR COLLUSION IN THE SETTLEMENT ............. 7

            2.  COMPLEXITY, EXPENSE, AND LIKELY DURATION
                OF THE LITIGATION ......................................................................... 8

            3.  AMOUNT OF DISCOVERY ENGAGED IN BY THE PARTIES ....................10

            4.  THE LIKELIHOOD OF SUCCESS ON THE MERITS...............................10

            5.  THE OPINIONS OF CLASS COUNSEL AND THE CLASS
                REPRESENTATIVES .........................................................................11

            6.  WHETHER THE SETTLEMENT IS THE PRODUCT OF ARM'S LENGTH
                NEGOTIATIONS AS OPPOSED TO COLLUSIVE BARGAINING....................11

            7.  WHETHER THE SETTLEMENT IS CONSISTENT WITH THE PUBLIC
                INTEREST .......................................................................................13

B.  THE SETTLEMENT IS FAIR AND REASONABLE AND SHOULD
    BE APPROVED .................................................................................................14

C.  ATTORNEYS' FEES AND COSTS SHOULD BE APPROVED ...............................16

    1.  AN AWARD OF 1/3 OF THE FUND IS REASONABLE AND SHOULD
        BE GRANTED .............................................................................................22

V.  CONCLUSION..........................................................................................................26

## INDEX OF AUTHORITIES

**PAGE**

CASES:

*Arrington v. Mich. Bell Tel. Co.*,
 2012 U.S. Dist. LEXIS 157362, *1 (E.D. Mich. Nov. 2, 2012) ............................ 6 & 7

*Bartlow v. Grand Crowne Resorts of Pigeon Forge*,
 No. 11 Civ. 400, 2012 WL 6707008, at *1-2 (E.D. Tenn. Dec. 26, 2012).............14

*Bessey v. Packerland Plainwell, Inc.*,
 No. 06 Civ. 95, 2007 WL 3173972, at *4 (W.D. Mich. Oct. 26, 2007) ..................19

*Blum v. Stenson*,
 465 U.S. 886, 900 n.16 (1984)............................................................................19

*Boeing Co. v. Van Gemert*,
 444 U.S. 472, 480-81 (1980)...............................................................................21

*Bozak v. FedEx Ground Package Sys.*,
 *No. 3:11-cv-00738-RNC, 2014 U.S. Dist. LEXIS 106042*
 *(D. Conn. July 31, 2014)* ..............................................................14, 15, 18 & 25

*Braunstein v. E. Photographic Labs., Inc.*,
 600 F.2d 335, 336 (2d Cir. 1978), *cert. denied*, 441 U.S. 944 (1979)..................18

*Capsolas v. Pasta Res. Inc.*,
 No. 10 Civ 5595, 2012 WL 4760910, at *7 (S.D.N.Y. Oct. 5, 2012)......................23

*Crawford v. Lexington-Fayette Urban Cty. Gov't*,
 No. 06-299-JBC, 2008 U.S. Dist. LEXIS 56089 (E.D. Ky. July 22, 2008) ....14 & 15

*Crawford v.  Lexington-Fayette Urban Cnty. Gov't,*
 *CIV. A. 06-299-JBC*, 2008 WL 4724499, at *3 (E.D. Ky. Oct. 23, 2008) .................. 7

*deMunecas v. Bold Food, LLC*,
 No. 09 Civ. 440, 2010 WL 3322580, at *8 (S.D.N.Y. Aug. 23, 2010)......................19

*Dillworth v. Case Farms Processing, Inc.*,
 No. 08 Civ. 1694, 2010 WL 776933, at *7 (N.D. Ohio Mar. 8, 2010) ............ 22, 24

*Dixon v. Zabka*,
 No. 3:11-cv-982 (MPS), 2014 U.S. Dist. LEXIS 159692
 (D. Conn. Nov. 13, 2013) .........................................................................................14

*Donovan v. Estate of Fitzsimmons*,
 778 F.2d 298, 307 (7th Cir. 1985) .......................................................................13

*Duprey v. Scotts Co. LLC.*,
 30 F. Supp. 3d 404 (D. Md. 2014).......................................................................22

*Farmer v. Ottawa*
 *7 (E.D.N.Y. Feb. 18, 2011)...................................................................................17

*Fegley v. Higgins*,
 19 F.3d 1126, 1134 (6th Cir. 1994).........................................................17 & 18

*Fisher v. Stolaruk Corp.*,
 648 F. Supp. 486, 487 (E.D. Mich. 1986) .........................................................17

*Garcia v. Decalo Medical Group, LLC.*,
 No. 14-00301 2015 WL 9311984 (D. Md. Dec. 23, 2014) .......................................22

*Genesis Healthcare Corp. v. Symczyk*,
 133 S. Ct. 1523, 1529 (2013) .............................................................................14

*Gentrup v. Renovo Servs., LLC*,
 No. 07 Civ. 430, 2011 WL 2532922, at *2 (S.D. Ohio June 24, 2011)..................14

*Granada Inv., Inc. v. DWG Corp.*,
 962 F.2d 1203, 1205 (6th Cir. 1992)................................................................13

*Hensley v. Eckerhart*,
 461 U.S. 424, 436 (1983).....................................................................................24

*Hoffman-La Roche Inc. v. Sperling*,
 493 U.S. 165 (1989)..............................................................................................15

*In re Cardizem CD Antitrust Litig.*,
 218 F.R.D. at 531-32 ................................................................. 8, 20, 26

*In re Packaged Ice Antitrust Litig.*,
  2011 WL 6209188, at *17 ...........................................................................19 & 24

*In re Rio Hair Naturalize Prods Liab. Litig.*,
  1996 WL 780512; 1996 U.S. Dist. LEXIS 20440 at * 43 (E.D. Mich.1996).........12

*In re Se. Milk Antitrust Litig.*,
  No. 08 MD 1000, 2013 WL 2155387, at *3 (E.D. Tenn. May 17, 2013)...............24

*In re Telectronics Pacing Sys., Inc.*
  137 F. Supp. 2d 985, 1013 (S.D. Ohio 2001)........................................................ 8 & 12

*Int'l Union, United Auto., Aerospace, and Agr. Implement
Workers of Am. v. Gen. Motors Corp.*,
  497 F.3d 615, 631 (6th Cir. 2007) ....................................................................... 7

*Johnson v. Brennan*,
  No. 10 Civ. 4712, 2011 WL 4357376, at *13 (S.D.N.Y. Sept. 16, 2011) ...............19

*Lynn's Food Stores, Inc. v. United States*,
  679 F.2d 1350, 1354 (11th Cir. 1982 ................................................................... 6 & 14

*Masters v. Wilhelmina Model Agency, Inc.*,
  473 F.3d 423, 436-47 (2d Cir. 2007)...................................................................21

*McKenna v. Champion Int'l Corp.*,
  747 F.2d 1211, 1213 (8th Cir. 1984) ...................................................................15

*Moulton v. U.S. Steel Corp.*,
  581 F.3d 344, 352 (6th Cir. 2009) .......................................................................20 & 21

*O'Brien v. Ed Donnelly Enters., Inc.*,
  575 F.3d 567, 584 (6th Cir. 2009) .......................................................................14

*Pritchard v. Dent Wizard Int'l Corp.*,
  210 F.R.D. 591, 594 (S.D. Ohio 2002) .................................................................15

*Ramey v. Cincinnati Enquirer, Inc.*,
  508 F.2d 1188, 1196 (6th Cir. 1974) ...................................................................18

*Rankin v. Rots*,
 220 F.R.D. 511 (E.D. Mich. 2006) .......................................................................11

*Rawlings v. Prudential-Bach Props., Inc.*,
 9 F.3d 513, 515 (6th Cir. 1993)................................................................19, 20, 22 & 24

*Reed v. Rhodes*,
 179 F.3d 453, 471 (6th Cir. 2008); *Rawlings*, 9 F.3d at 516 ...................................22

*Reyes v. Altamarea Grp., LLC*,
 No. 10 Civ. 6451, 2011 WL 4599822, at *7 (S.D.N.Y. Aug. 16, 2011) ..................20

*Sand v. Greenberg*,
 No. 08 Civ. 7840, 2010 WL 69359, at *3 (S.D.N.Y. Jan. 7,2010)............................19

*Smillie v. Park Chem. Co.*,
 710 F.2d 271, 275 (6th Cir. 1983) .......................................................................24

*Thompson v. Bruister & Assocs., Inc.*,
 967 F. Supp. 2d 1204, 1222 (M.D. Tenn. Aug. 23, 2013)..........................................15

*Torres v. Gristede's Operating Corp.*
 519 F. App'x 1 (2nd Cir. 2013) .............................................................................22

*Turner v. Perry Twp., Ohio*,
 No. 03 Civ. 455, 2005 WL 6573783, at *3 (S.D. Ohio Dec. 30, 2005) ..................18

*UAW v. Ford Motor Co.*,
 2006 WL 334283; 2006 U.S. Dist. LEXIS 70741at *70 (E.D. Mich. 2006) . 9 & 12

*UAW v. Gen. Motors Corp.*,
 No. 05 Civ. 73991, 2006 WL 891151, at *18 (E.D. Mich. Mar. 31, 2006) ...........16

*United Slate, Tile & Composition Roofers, Damp & Waterproof Workers Ass'n,*
*Local 307 v. G & M Roofing & Sheet Metal Co., Inc.*,
 732 F.2d 495, 501 (6th Cir. 1984) .........................................................................16 & 17

*Wade v. Werner Trucking Co.*,
 No. 10 Civ. 270, 2014 WL 2535226, at *1 (S.D. Ohio June 5, 2014) ....................14

*Waters v. Int'l Precious Metals Corp.*,
 190 F.3d 1291, 1295-98 (11th Cir. 1999) ........................................................21

*Williams v. MGM-Pathe Commc'ns. Co.*,
 129 F.3d 1026, 1027 (9th Cir. 1997) ................................................................21

*Wilson v. D & N Masonry, Inc.*,
 No. 12 Civ. 922, 2014 WL 1789136, at *1 (S.D. Ohio May 5, 2014) ....................17

## OTHER AUTHORITY:

29 U.S.C. § 216(b) ...........................................................................................15 & 16

Fed. R. Civ. P. 23 .........................................................................................6, 14 & 15

*Newberg on Class Actions* § 11.51 (3d ed. 1992) ..........................................12

Newberg on Collective Actions § 14.03 (3d ed. 1992) .................................21

## <u>BRIEF IN SUPPORT OF APPROVAL OF SETTLEMENT OF COLLECTIVE ACTION UNDER THE FLSA AND DIRECTING NOTICE OF SETTLEMENT AND INDIVIDUALIZED AWARDS[1]</u>

## I.     <u>INTRODUCTION</u>

This is a suit for alleged violation of the Fair Labor Standards Act ("FLSA").  Although Defendants ABCDE deny any and all liability, the parties have agreed to a settlement, the terms of which are defined and described in the Settlement Agreement and Release of Claims ("Settlement Agreement") and Exhibits.   Case No. 17-cv-12212 has been pending for over three years.  Case No. 19-11805 was filed in 2019, and is currently pending with Judge Matthew Leitman.   The two cases share common plaintiffs, common defendants, and common arbitration agreements.  They were consolidated for the purpose of arbitration and jointly resolved.  Following various motions regarding certification, to dismiss, to compel arbitration, an appeal to the Sixth Circuit and two arms length facilitations, Plaintiffs, individually and on behalf of all others similarly situated, and Defendant ABCDE have agreed, subject to Court approval, to resolve these wage and hour lawsuits on a collective-wide basis. The settlement satisfies the criteria for approval of a Fair Labor Standards Act ("FLSA") collective action settlement because it resolves a bona-

---

[1] By way of background, these two cased were jointly arbitrated and underwent two joint facilitations.  However, the instant motion is solely with regard to the above-captioned case.  The parties are filing a separate motion with with Judge Matthew Leitman with regard to Case No. 19-11805.

fide dispute, was reached after contested litigation, and was the result of arm's-length settlement negotiations conducted by counsel well-versed in wage and hour law.

Accordingly, Plaintiffs respectfully request that the Court issue an order: (1) approving the settlement as set forth in paragraph 6 of the Settlement Agreement attached as Exhibit 1; (2) approving the Individualized Awards attached as Exhibit 2; (3) and direct their distribution.

## II.   **PERTINENT FACTS**

Case No. 17-cv-12212 ("the Coliseum matter") was originally filed on July 6, 2017.   An Amended Complaint was filed on August 28, 2017, and a Second Amended Complaint was filed on February 13, 2019 in order to account for the fact that some named Plaintiffs had signed arbitration agreements.   In the meantime, the Plaintiffs filed a Motion to Certify the collective class in January 2018, which was granted in July 2018.   During the course of this litigation and following the granting of conditional class certification, other individuals opted into the litigation, for a total of over 90 named and opt-in Plaintiffs.   Following the granting of class certification, the parties engaged in significant motion practice regarding the subject arbitration agreements, up through and including an appeal to the Sixth Circuit Court of Appeals, which in itself led to two mediations.   Ultimately, the parties stipulated to submitting

the entirety of the Coliseum matter to arbitration.

The parties engaged in written discovery, including interrogatories and requests for production, and scheduled depositions of both defendant and plaintiff witnesses.  The parties also attended two facilitations with retired Judge James Rashid, during which representatives for both the plaintiffs and the defendants were present.  Following the settlement conferences, the parties continued to engage in settlement discussions, both independently and with the assistance of Judge Rashid.  During discovery, both formal and informal, there was full and fair disclosure of the parameters of the remedies potentially available to the plaintiffs, such that counsel and the plaintiffs were able to make an informed decision regarding settlement.

After a full review of this information and open and full debate over the legal and factual issues, the Parties, who have been represented by counsel at all times, agree that the negotiated terms of the settlement represent a fair, reasonable, and just compromise of disputed issues.

With compromise from both sides, the settlement agreement now before the Court for approval was reached.

The negotiations leading to this settlement were adversarial, non-collusive, and conducted at arms' length. The Parties share an interest in fully and finally resolving the issues raised in this action. Because the Parties

3

recognized the expense and risks associated with prosecution and defense through trial and any possible appeal, as well as the risk of uncertainty of the outcome inherent in any litigation, they agreed to be bound by the Settlement which they now ask this Court to approve. The Parties have conditioned the overall Settlement upon the Court's approval of all their terms.

### III.   SUMMARY OF THE SETTLEMENT TERMS

#### A.   The Settlement Fund

The Settlement Agreement establishes a settlement fund to settle claims against Defendants ABCDE (the "Fund").   Exhibit 1, ¶ 6. The Fund covers eligible Settlement Class Members' awards, as well as attorney fees, costs, and third-party administrative fees and costs associated with allocation and disbursement of settlement proceeds.

#### B.   Eligible Employees

Eligible Settlement Class Members are all exotic dancers, shot girls, bouncers, D.J.s and any other individuals who worked at the named clubs, who were not paid minimum or overtime wages and were classified by defendants at any time during the past three years.  Certification on the Coliseum matter was granted in July 2018.  There was a combined total of 92 Plaintiffs and opt-in Plaintiffs in this matter.   These 92 individuals represent the current proposed Settlement Class.

**C**.    **Allocation Formula**

Plaintiffs will be paid according to a formula based on the number of months that they reported to have worked for the clubs during the class period,[2] after deduction for attorney fees, costs, and third-party administrator fees.[3]

The named Plaintiffs and those Plaintiffs that actively participated in this litigation through the provision of documents, attendance at settlement conferences and agreements to appear for depositions will each receive a service award as compensation for their time and energy expended in litigating this action.  Exhibit 1, ¶ 6(A)-(Q). All Settlement Class Members will be eligible for a settlement payment pursuant to an allocation formula based on their self-reported terms of employment with the Defendants, which will allocate a pro rata share of the client share of the settlement fund based on the number of months that each Class Member worked during the relevant class period.

---

[2] Counsel for Plaintiffs have made multiple concerted efforts via telephone, email and regular mail to contact all members of the Settlement Class to determine the number of months that they worked for the defendant clubs.  The allocation is based on the plaintiffs' self-reporting, since the Defendants did not maintain employment records for the members of the Settlement Class.  As to members of the Settlement Class that  Counsel for Plaintiffs could not contact, such individuals are allocated a settlement for one month of employment.

[3] The amount allocated for attorney fees, costs and third-party administrator fees is detailed in the parties' Settlement Agreement, attached as Exhibit 1.

**D.    Settlement Payments**

The Fund will be paid to Plaintiffs' counsel, Fagan McManus, P.C., by September 30, 2020 or within 15 days after the Court Approves the settlement, whichever is later.

## IV.    <u>ARGUMENT</u>

**A.    Standard of Review**

As a general rule, "court approval is required for the settlement of claims for back wages or liquidated damages under the FLSA." *Arrington v. Mich. Bell Tel. Co.*, 2012 U.S. Dist. LEXIS 157362, *1 (E.D. Mich. Nov. 2, 2012) (J. Lawson) (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982). Therefore, "[w]hen employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness. If the settlement is a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement in order to promote the policy of encouraging settlement of litigation." *Arrington*, 2012 U.S. Dist. LEXIS 157362, *2 (internal citations and quotations omitted); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d at 1354.

Courts often draw on Rule 23 case law to guide them in reviewing and approving FLSA settlements. The Sixth Circuit has identified seven factors that

6

should aid courts in the determination of whether a proposed FLSA settlement is fair, reasonable, and adequate:

> (1) the risk of fraud or collusion; (2) the complexity, expense, and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class Representatives; (6) the reaction of absent class members; and (7) the public interest.

*Arrington*, 2012 U.S. Dist. LEXIS 157362, *2-3; *see also Crawford v.  Lexington-Fayette Urban Cnty. Gov't, CIV. A. 06-299-JBC*, 2008 WL 4724499, at *3 (E.D. Ky. Oct. 23, 2008) *(citing Int'l Union, United Auto., Aerospace, and Agr. Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007). The above list is not exhaustive and courts do not necessarily apply all of the factors; rather, the factors are guideposts used to determine the fairness of a proposed settlement. "A court applying these factors must do so in the context of the actual settlement." *Arrington*, 2012 U.S. Dist. LEXIS 157362, *3.

## 1.    The Absence of Fraud or Collusion in the Settlement

In the instant case, there is a *bona fide* dispute over whether Defendants ABCDE violated the FLSA. Plaintiffs allege Defendants ABCDE violated the FLSA because they failed to pay Plaintiffs appropriate regular and overtime wages for time that they worked.   Defendants ABCDE deny all such claims.

As is likely evident to the Court, it is clear there was no fraud or

collusion in reaching this settlement.   The parties engaged in rigorous litigation, discovery and motion practice, and settlement was reached only through the assistance of a skilled facilitator.   The absence of collusion is self-evident when considering the filings of the parties, and the parties' contested motions.

The settlement will eliminate the risks and costs both sides would bear if this litigation continued to resolution on the merits. The Parties exchanged thousands of pages of documents and other data to educate each other about their position. In agreeing upon the proposed settlement, the Parties had sufficient information and conducted an adequate investigation to allow them to make an educated and informed analysis and conclusion.

## 2.   Complexity, Expense, and Likely Duration of the Litigation

In evaluating a proposed class settlement, the court also must weigh the risks, expense and delay the plaintiffs would face if they continued to prosecute the litigation through trial and appeal against the amount of recovery provided to the class in the proposed settlement. *In re Cardizem*, *supra*, 218 F.R.D. at 523. Courts have consistently held that the expense and possible duration of litigation are major factors to be considered in evaluating the reasonableness of a settlement. *See e.g.*, *In re Telectronics Pacing Sys., Inc.* 137 F. Supp. 2d 985, 1013 (S.D. Ohio 2001). For class actions in particular,

courts view settlement favorably because it "avoids the costs, delays and multitudes of other problems associated with them." Id. at 1013.

Here, if not for the settlement, the case would have continued to be fiercely contested by all parties. The settling Defendants, which are represented by capable and well-versed counsel, has demonstrated the commitment to defend the case through trial and beyond trial, if necessary. The expense of continued litigation would be substantial. The parties would have to complete lengthy and extensive trial. Any trial would run at over a month, and involve numerous attorneys, witnesses; the introduction of voluminous documentary and deposition evidence; vigorously contested motions; and the expenditure of enormous amounts of judicial and counsel resources. Even if successful at trial, there most certainly would be appeals which would deny the Class any recovery for years. Avoiding such unnecessary expenditure of time and resources clearly benefits all parties and the Court. See *UAW v. Ford Motor Co.*, 2006 WL 334283; 2006 U.S. Dist. LEXIS 70741at *70 (E.D. Mich. 2006) ("The costs and uncertainty of lengthy and complex litigation weigh in favor of settlement.")

The value of an immediate recovery here outweighs the mere possibility of future relief after protracted and expensive litigation.

### 3.   Amount of Discovery Engaged In By the Parties

The parties have exchanged significant amounts of documentation, including written discovery and the production of documents by each party. Further, Plaintiffs' counsel has been in regular communication with members of the Settlement Class regarding the hours worked at the clubs, and have spent significant time and effort in the compilation of damage assessments for each Plaintiff.   The parties engaged in numerous meetings, both in person and over the phone focused on attempting to resolve this case.

### 4.   The Likelihood of Success on the Merits

Plaintiffs' likelihood of success on the merits and the amount they would be awarded is uncertain, further suggesting that this settlement is fair and appropriate. Plaintiffs assert, and Defendants ABCDE deny, that Plaintiffs are owed compensation due to Defendants' alleged violations of the FLSA.  The range of possible recovery by Plaintiffs is open to dispute. Even if Plaintiffs succeed on the merits of their claims, which would require substantial additional time and an exercise of resources by both sides, the specific amount of their recovery is uncertain. Thus, this proposed settlement is a fair and reasonable settlement in relation to the potential risks and recovery in this case.

### 5.    The Opinions of Class Counsel and the Class Representatives

There are 92 named Plaintiffs and opt-in Plaintiffs in the Settlement Class.   Both named and opt-in Plaintiffs were involved throughout the duration of this case, participating in telephone conferences, questionnaires, document production, depositions, case strategy, mediations, deposition preparation and discovery. Plaintiffs' counsel, the named Plaintiffs and the opt-ins are of the opinion that this proposed settlement is a fair and reasonable compromise.

In deciding whether a proposed settlement warrants approval, "[t]he Court should also consider the judgment of counsel and the presence of good faith bargaining between the contending parties." *Rankin v. Rots*, 220 F.R.D. 511 (E.D. Mich. 2006). Plaintiffs' Counsel here have extensive experience in handling class action cases in their respective areas of practice, and they have thoroughly investigated and analyzed the claims alleged in these actions. They have made informed judgments regarding the Settlements and believe that they are fair, reasonable and adequate.

### 6.    Whether the Settlement Is the Product of Arm's Length Negotiations As Opposed To Collusive Bargaining

The stage of this litigation at which Settlement was reached favors approval of the Settlement because this matter has been litigated over three

years.  This involved investigation, formal and informal discovery, settlement

negotiations and motion practice. In short, no settlement occurred until Class

Counsel possessed sufficient information to make an informed judgment

regarding the likelihood of success on the merits and the

results that could be obtained. The risks of non-recovery, addressed above,

were considered by class counsel in negotiating the proposed settlement.

Certainly, plaintiffs would always like the settlement fund to be greater than it

is, but those desires must be tempered against the risk of obtaining less or

nothing if the case proceeded through trial. At times, the best opportunity to

resolve a case is when uncertainty over those still undecided issues remains

for both sides.

Without evidence to the contrary, the Court may presume that

settlement negotiations were conducted in good faith and that the resulting

agreements were reached without collusion. *Telectronics,* 137 F. Supp. 2d at

1018 (citing *Newberg on Class Actions* § 11.51 (3d ed. 1992) ("Courts respect

the integrity of counsel and presume the absence of fraud or collusion in

negotiating the settlement, unless evidence to the contrary is offered.").) *See*

*also UAW v. Ford Motor Co.,* 2006 WL 334283; 2006 U.S. Dist. LEXIS 70471 at *

74-75; *In re Rio Hair Naturalize Prods Liab. Litig.,* 1996 WL 780512; 1996 U.S.

Dist. LEXIS 20440 at * 43 (E.D. Mich.1996). The settlement in this case came

after contested litigation.  Far from collusion, the current settlement could only have been forged through arm's length negotiations.

### 7.   Whether The Settlement Is Consistent With The Public Interest.

The final factor that the Court considers in evaluating a settlement is whether the settlement is consistent with the public interest. "[T]here is a strong public interest in encouraging settlement of complex litigation and class action suits because they are 'notoriously difficult and unpredictable' and settlement conserves judicial resources*." Granada Inv., Inc. v. DWG Corp.*, 962 F.2d 1203, 1205 (6th Cir. 1992). This is particularly true when the substantive issues of the case "reflect a broad public interest in the rights to be vindicated or the social or economic policies to be established." *Donovan v. Estate of Fitzsimmons*, 778 F.2d 298, 307 (7th Cir. 1985). Here, it is certainly in the public interest to approve this settlement. The settlement resolves the claims of the class in exchange for a fair return, eliminates the risk to the class of complete non-recovery, provides certainty to the settling defendants, and eases the burdens on the already heavily-taxed courts.  In sum, given the complexity, expense, likely duration and risks of litigation, the state of the proceedings to date, the negotiations leading up to, and the ultimate terms of the settlement, the proposed settlement is fair, adequate and reasonable.

### B. The Settlement Is Fair and Reasonable and Should Be Approved

Courts approve FLSA settlements when they are reached as a result of contested litigation to resolve *bona fide* disputes. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982); *Wade v. Werner Trucking Co.*, No. 10 Civ. 270, 2014 WL 2535226, at *1 (S.D. Ohio June 5, 2014); *Bartlow v. Grand Crowne Resorts of Pigeon Forge*, No. 11 Civ. 400, 2012 WL 6707008, at *1-2 (E.D. Tenn. Dec. 26, 2012).[4]

Collective actions under Section 216(b) of the FLSA require workers to affirmatively opt-in to the litigation, unlike in a Federal Rule of Civil Procedure 23 Class action. *See Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523, 1529 (2013) ("Rule 23 actions are fundamentally different from collective actions under the FLSA."); *O'Brien v. Ed Donnelly Enters., Inc.*, 575 F.3d 567, 584 (6th Cir. 2009) ("While Congress could have imported the more stringent criteria for Collective certification under Fed. R. Civ. P. 23, it has not done so in the

---

[4] "Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement." *Bozak v. FedEx Ground Package Sys., No. 3:11-cv-00738-RNC, 2014 U.S. Dist. LEXIS 106042 (D. Conn. July 31, 2014)*, at *3); *Dixon v. Zabka*, No. 3:11-cv-982 (MPS), 2014 U.S. Dist. LEXIS 159692 (D. Conn. Nov. 13, 2013)*2.If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement. *Lynn's Food Stores*, 679 F.2d 1354; *Gentrup v. Renovo Servs., LLC*, No. 07 Civ. 430, 2011 WL 2532922, at *2 (S.D. Ohio June 24, 2011); *Crawford v. Lexington-Fayette Urban Cty. Gov't*, No. 06-299-JBC, 2008 U.S. Dist. LEXIS 56089 (E.D. Ky. July 22, 2008)

FLSA."); *Pritchard v. Dent Wizard Int'l Corp.*, 210 F.R.D. 591, 594 (S.D. Ohio 2002) ("[I]n an FLSA "opt-in" collective action the requirements need not be strictly observed because there are no absent Class Members for the court to protect."). Because, under the FLSA, "parties may elect to opt in but a failure to do so does not prevent them from bringing their own suits at a later date," *McKenna v. Champion Int'l Corp.*, 747 F.2d 1211, 1213 (8th Cir. 1984), *abrogated by Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165 (1989), FLSA collective actions do not implicate the same due process concerns as Rule 23 actions, *see Thompson v. Bruister & Assocs., Inc.*, 967 F. Supp. 2d 1204, 1222 (M.D. Tenn. Aug. 23, 2013); *Bozak*, at *3. Accordingly, the exacting standards for approval of a Class action settlement under Rule 23 do not apply to an FLSA settlement under the collective action provisions of 29 U.S.C. § 216(b) at *9 (E.D. Ky. Oct. 23, 2008).  Furthermore, "settlement is the preferred means of resolving litigation." *Crawford*, 2008 LEXIS 56089, at *9 (FLSA collective action).

The FLSA settlement in this case meets the standard for approval.  The settlement was the result of contested litigation with discovery exchanged including hundreds of pages of relevant data and arm's-length negotiations. Recognizing the uncertain legal and factual issues involved, the parties reached the settlement after facilitation during a private mediation before a recognized

and experienced facilitator. At all times during the settlement negotiation process, negotiations were conducted at arm's-length. The settlement amount is substantial in light of the hours worked by the employees of Defendant ABCDE. The proposed allocation of the settlement is also reasonable. It reflects the proportion of damages owed to each eligible Settlement Class Member based on their self-reporting, which is a reasonable approximation of each eligible Settlement Class Member's damages. Moreover, "[t]he endorsement of the parties' counsel is entitled to significant weight." *UAW v. Gen. Motors Corp.*, No. 05 Civ. 73991, 2006 WL 891151, at *18 (E.D. Mich. Mar. 31, 2006).

According to the Plan of Allocation, awards in this case will be significant. This Settlement constitutes a recovery for all class members, calculated to ensure appropriate proportionality dependent on the hours worked by each Plaintiff.

### C.    Attorneys' Fees and Costs Should be Approved

Defendant ABCDE has agreed to pay the Plaintiffs' attorney fees and costs as set forth in the Settlement Agreement. The FLSA provides for reasonable attorneys' fees and costs. *See* 29 U.S.C. § 216(b) ("The court in [an action to recover under FLSA] shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the Defendants, and costs of the action."); *accord United Slate, Tile & Composition*

*Roofers, Damp & Waterproof Workers Ass'n, Local 307 v. G & M Roofing & Sheet Metal Co., Inc.*, 732 F.2d 495, 501 (6th Cir. 1984).

Plaintiffs seek this Court to approve an award of attorney fees of 1/3 of the gross settlement for their attorneys' fees, and also seek approval of reimbursement to class counsel for Plaintiffs' reasonable costs. Exhibit 1, ¶ 6(o)-(p)[5]. Defendants do not object to the Court approving such an award.

"The purpose of the FLSA attorney's fees provision is to 'insure effective access to the judicial process by providing attorney fees for prevailing plaintiffs with wage and hour grievances.'" *Farmer v. Ottawa* *7 (E.D.N.Y. Feb. 18, 2011). Defendants do not object to a reasonable fee and costs award. *Cnty.*, 211 F.3d 1268, 2000 WL 420698, at *7 (6th Cir. 2000) (citing *United Slate*, 732 F.2d at 502); *see Wilson v. D & N Masonry, Inc.*, No. 12 Civ. 922, 2014 WL 1789136, at *1 (S.D. Ohio May 5, 2014) ("The purpose of the FLSA attorney fees provision" is "to insure effective access to the judicial process by providing attorney fees for prevailing plaintiffs with wage and hour grievances.") (citing district court citing *Fegley v. Higgins*, 19 F.3d 1126, 1134 (6th Cir. 1994)) (internal quotes omitted); *Fisher v. Stolaruk Corp.*, 648 F. Supp.

---

[5] The instant matter and the Flight Club matter were settled for a single lump sum, which was then allocated among the two cases. The Settlement Agreement for the Flight Club matter provides only for awards to the plaintiffs and does not provide for any attorney fees or costs. The instant request for attorney fees and costs is based on the total lump settlement of the two cases.

486, 487 (E.D. Mich. 1986) ("The purpose of allowing an award of attorney's fees under FLSA cases is to encourage employees to vindicate what Congress considers an important right to receive wages designed to ensure a minimum standard of living.").[6]

Where relatively small claims can only be prosecuted through aggregate litigation, and the law relies on prosecution by "private attorneys general," attorneys who fill that role must be adequately compensated for their efforts. *Turner v. Perry Twp., Ohio*, No. 03 Civ. 455, 2005 WL 6573783, at *3 (S.D. Ohio Dec. 30, 2005) ("[T]he Sixth Circuit has emphasized the private attorney general theory of fee recovery: the importance of bringing [FLSA] cases, even if only nominal damages, are recovered to vindicate employee rights and

---

[6] See *also Bozak*, 2014 WL 3778211, at *6 (S.D.N.Y. Jan. 7, 2010) ("Fee awards in wage and hour cases are meant to encourage members of the bar to provide legal services to those whose wage claims might otherwise be too small to justify the retention of able, legal counsel.") (internal quotes and citation omitted). Adequate compensation for attorneys who protect wage and hour rights furthers the remedial purposes of the FLSA. *See Fegley*, 19 F.3d at 1134 ("The purpose of the FLSA attorney fees provision is "to insure effective access to the judicial process by providing attorney fees for prevailing plaintiffs with wage and hour grievances.") (citation and internal quotation marks omitted); *Braunstein v. E. Photographic Labs., Inc.*, 600 F.2d 335, 336 (2d Cir. 1978), *cert. denied*, 441 U.S. 944 (1979) (observing that "broad remedial purpose" of FLSA should be given "liberal construction"); *Ramey v. Cincinnati Enquirer, Inc.*, 508 F.2d 1188, 1196 (6th Cir. 1974) (discussing "society's stake in rewarding attorneys who produce . . . benefits in order to maintain an incentive to others"); *Bozak*, 2014 WL 3778211, at *6

Congressional policy"); *see also Johnson v. Brennan*, No. 10 Civ. 4712, 2011 WL 4357376, at *13 (S.D.N.Y. Sept. 16, 2011); *deMunecas v. Bold Food, LLC*, No. 09 Civ. 440, 2010 WL 3322580, at *8 (S.D.N.Y. Aug. 23, 2010); *Sand v. Greenberg*, No. 08 Civ. 7840, 2010 WL 69359, at *3 (S.D.N.Y. Jan. 7,2010) (statutory attorneys' fees are meant to "encourage members of the bar to provide legal services to those whose wage claims might otherwise be too small to justify the retention of able, legal counsel").

("[T]he fee provisions contained in the FLSA . . . [was] designed in part to secure legal representation for plaintiffs whose wage and hour grievances were too small, in terms of expected recovery, to create a financial incentive for qualified counsel to take such cases under conventional fee arrangements.")(citation omitted common fund attorneys' fee award, which Courts generally determine based upon the percentage-of-fund method. *See Blum v. Stenson*, 465 U.S. 886, 900 n.16 (1984) (stating that in common fund cases "a reasonable fee is based on a percentage of the fund bestowed on the Collective"); *Rawlings v. Prudential-Bach Props., Inc.*, 9 F.3d 513, 515 (6th Cir. 1993) (finding clear "trend towards adoption of a percentage of the fund method in [common fund] cases"); *In re Packaged Ice Antitrust Litig.*, 2011 WL 6209188, at *17 (stating Sixth Circuit has recognized numerous advantages to percentage of fund method); *Bessey v. Packerland Plainwell, Inc.*, No. 06 Civ. 95,

2007 WL 3173972, at *4 (W.D. Mich. Oct. 26, 2007) ("The fact that the damages which could have been claimed by each Collective member were relatively modest provides a strong reason for adopting the percentage of recovery method, for it rewards counsel for taking on a case which might not otherwise be economically feasible."); *In re Cardizem CD Antitrust Litig.*, 218 F.R.D. at 531-32 (finding application of "percentage-of-the-[common-]fund approach appropriate); *Aros*, 2012 WL 3060470, at *5; *Reyes v. Altamarea Grp., LLC*, No. 10 Civ. 6451, 2011 WL 4599822, at *7 (S.D.N.Y. Aug. 16, 2011); *see also Moulton v. U.S. Steel Corp.*, 581 F.3d 344, 352 (6th Cir. 2009) ("[I]n common-fund cases, we require only that awards of attorney's fees be reasonable under the circumstances.") (citation and internal quotes omitted).

As here, a percentage of the fund approach fosters judicial economy by eliminating a detailed and time-consuming lodestar analysis. *Rawlings*, 9 F.3d at 516-17. This is an important feature because "the lodestar method is too cumbersome and time-consuming for the resources of the Court." *In re Cardizem CD*, 218 F.R.D. at 532 (citation and internal quotes omitted). The lodestar approach burdens a court with the task of reviewing extensive time records reflecting many hours of attorney time. *Rawlings*, 9 F.3d at 516-17. In contrast, the percentage of the fund approach is "easy to calculate" and it "establishes reasonable expectations on the part of plaintiffs' attorneys as to

20

their expected recovery." *Id.* at 516. Crucially, "the percentage of the fund method more accurately reflects the results achieved." *Id.*

In applying the common fund method, courts award attorneys' fees as a percentage of the entire maximum gross settlement fund—and not as a percentage of the amount claimed—even where amounts to be paid to settlement Class Members who do not file claims revert to Defendants. *See Boeing Co. v. Van Gemert*, 444 U.S. 472, 480-81 (1980) (stating that this approach "rectifies inequity by requiring every member of the Collective to share attorney's fees to the same extent that he can share the recovery"); *Moulton*, 581 F.3d at 352 (rejecting "objectors focus on the amount *claimed* rather than the amount *allocated*"); *Masters v. Wilhelmina Model Agency, Inc.*, 473 F.3d 423, 436-47 (2d Cir. 2007) (holding that because the entire fund was created through the efforts of counsel, that the allocation of fees by percentage should be awarded based on the total funds made available, whether claimed or not); *Waters v. Int'l Precious Metals Corp.*, 190 F.3d 1291, 1295-98 (11th Cir. 1999) ("In *Boeing Co. v. Van Gemert*, the Supreme Court settled this question by ruling that Collective counsel are entitled to a reasonable fee based on the funds potentially available to be claimed, regardless of the amount actually claimed.") (quoting Herbert B. Newberg & Alba Conte, Newberg on Collective Actions § 14.03 (3d ed. 1992)); *Williams v. MGM-Pathe Commc'ns. Co.*, 129 F.3d

1026, 1027 (9th Cir. 1997) (reversing district court's award of a percentage of the claimed fund and awarding attorneys' fees of a percentage of funds made available).

### 1.   An Award of 1/3 of the Fund is Reasonable and Should Be Granted

Plaintiffs request an award of 1/3 of the settlement common fund, as attorneys' fees.  The central requirement for an award of fees is that it be reasonable.  *See Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 2008); *Rawlings*, 9 F.3d at 516 ("In this circuit, we require only that awards of attorney's fees by federal courts in common fund cases be reasonable under the circumstances."); *Dillworth v. Case Farms Processing, Inc.*, No. 08 Civ. 1694, 2010 WL 776933, at *7 (N.D. Ohio Mar. 8, 2010) (using reasonableness standard in FLSA context).   Generally, contingent-fee arrangements are allowed, and sometimes even preferred, in many common-fund cases and further courts have found a contingent fee of 40% to be reasonable.[7] *Duprey v. Scotts Co. LLC.*, 30 F. Supp. 3d 404 (D. Md. 2014);*Garcia v. Decalo Medical Group, LLC.*, No. 14-00301 2015 WL 9311984 (D. Md. Dec. 23, 2014); *Torres v.*

---

[7] While the retainer agreement entered into between Class Counsel and the named class representatives provides for a contingent fee of 40%, in order to maximize the amount reserved for the collective, counsel unilaterally reduced their fee to 1/3.

*Gristede's Operating Corp.* 519 F. App'x 1 (2nd Cir. 2013).

The work that Plaintiffs' Counsel has performed in litigating and settling this case demonstrates their commitment to the FLSA collective and to representing the collective's interests, and establishes the reasonableness of their fees. Plaintiffs' Counsel has committed substantial resources to prosecuting this case. The work that Plaintiffs' Counsel has performed including investigating claims, reviewing documents, drafting the complaint, meeting with clients, legal research, discovery, preparing for and attending mediation, multiple client questionnaires, preparation for depositions, preparation of the Motion for Conditional Certification, responding to a motion to compel arbitration, filing a Motion to Dismiss an Appeal with the Sixth Circuit, and negotiating the settlement terms and reducing them to a formal settlement agreement, was significant and contributed to the substantial recovery obtained on behalf of the collective. *See Capsolas v. Pasta Res. Inc.*, No. 10 Civ. 5595, 2012 WL 4760910, at *7 (S.D.N.Y. Oct. 5, 2012), (approving requested fee where "[t]he work that Collective Counsel . . . performed in litigating and settling th[e] case demonstrate[d] their commitment to the Collective and to representing the Collective's interests").

Since the filing of the original complaint over three years ago, Plaintiffs' Counsel have spent in excess of 600 attorney hours prosecuting this case. This

23

does not take into account the significant hours expended by paralegal and support staff.  Plaintiffs' Counsel's request represents a reasonable average fee per hour and is a more than reasonable fee for the class community.

Here, Plaintiffs' Counsel has secured a substantial settlement. Courts have consistently recognized that the result achieved is a major factor to be considered in making a fee award. *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983) (noting that the "most critical factor is the degree of success obtained"); *Rawlings*, 9 F.3d at 516 (stating that a percentage of the fund will compensate counsel for the result achieved); *Smillie v. Park Chem. Co.*, 710 F.2d 271, 275 (6th Cir. 1983).

Plaintiffs' Counsel's efforts to date have been without compensation, and their entitlement to be paid has been wholly contingent upon achieving a good result.  *See Dillworth*, 2010 WL 776933, at *8 (citing as justification for recovery of percentage recovery from common fund "[t]he contingent nature of the fee agreement," which "meant that counsel bore the risk of receiving no fee in the event that a less than favorable result was achieved").[8]

---

[8] *See also In re Se. Milk Antitrust Litig.*, No. 08 MD 1000, 2013 WL 2155387, at *3 (E.D. Tenn. May 17, 2013) (finding reasonable award of one-third of settlement fund; granting $52,866,667, in addition to previous award of $48,333,333); *Dallas*, 2013 WL 2197624, at *12 (preliminarily approving attorneys' fees of one-third of the settlement amount); *In re Packaged Ice*, 2011 WL 6209188, at *19 (noting that an award of "close to 30% appears to

The fee requested by Plaintiffs' Counsel also is reasonable because they will continue to perform a significant amount of work on behalf of the collective in implementing the settlement and assisting with the administration. Nonetheless, Plaintiffs' counsel will not make a supplemental fee application. *See Bozak*, 2014 WL 3778211, at *8. Plaintiffs' Counsel anticipate that they will be required to spend a significant amount of additional time answering questions from eligible Settlement Class Members and ensuring that all reasonable steps are taken to ensure that to the extent any class members have moved since litigation commenced, that such class members are notified of the settlement and receive their allocation of the settlement funds. Plaintiffs' Counsel take very seriously their continuing obligation to represent the collective during the settlement approval process and the disbursement phase, which they will honor.

Plaintiffs' Counsel also have incurred out-of-pocket costs prosecuting this case, including costs for electronic research, court fees, postage and courier fees, working meals, photocopies, telephone calls, travel, outside claims administrator and Plaintiffs' portion of the mediator's fees. Exhibit 1, ¶ 5(g); *see Griffin*, 2013 WL 6511860, at *9 (approving payment of costs when

---

be a fairly well-accepted ratio in cases of this type and generally in complex Collective actions").

"documented by firm and by category of expense . . . and appear reasonable");

*In re Cardizem CD Antitrust Litig.*, 218 F.R.D. at 535 (approving costs as "type routinely billed by attorneys to paying clients in similar cases"). Accordingly, Plaintiffs' Counsel's request for attorneys' fees and reimbursement of actual costs is reasonable and should be approved.

## IV.  <u>CONCLUSIONS</u>

For the reasons set forth above, Plaintiffs respectfully request that the Court issue an order: (1) approving the settlement set forth in the Settlement Agreement; (2) approving the Individualized Award; and (3) approving Plaintiffs' Counsel Attorneys' Fees and costs/administrative expenses.

Respectfully submitted,

/s/ *Jennifer L. McManus*
Jennifer L. McManus (P65976)
FAGAN MCMANUS, P.C.
Attorneys for Plaintiff
25892 Woodward Avenue
Royal Oak, MI  48067-0910
(248) 542-6300
jmcmanus@faganlawpc.com

Megan Bonanni (P52079)
PITT MCGEHEE PALMER & RIVERS, P.C.
Attorneys for Plaintiff
117 West Fourth Street, Suite 200
Royal Oak, MI 48067
(248) 398-9800
mbonanni@pittlawpc.com
Dated:  July 23, 2020

/s/ *Jay A. Schwartz*
Jay A. Schwartz (P45268)
Mary A. Mahoney (P41568)
SCHWARTZ LAW FIRM, P.C.
Attorneys for Defendants, ABCDE,
Markovitz, and M & M Zin Only
37887 West Twelve Mile Rd., Ste A
Farmington Hills, MI 48331
(248) 553-9400
jschwartz@schwartzlawfirmpc.com
mmahoney@schwartzlawfirmpc.com