UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JANE DOES 1, 2 and 3, *individually
and on behalf of all others similarly situated*,

    Plaintiffs,                                          Civil Case No. 17-12212
                                                     Honorable Linda V. Parker

    v.

THE COLISEUM BAR & GRILL, INC., *a
Michigan corporation*, ABCDE OPERATING, LLC,
*d/b/a* THE PENTHOUSE CLUB, *a Michigan limited
liability company*, M & M ZIN ENTERPRISES, INC.,
JOHNI SEEMA and ALAN MARKOVITZ, *individuals*,
*jointly and severally*,

    Defendants.
_____/

**OPINION AND ORDER GRANTING JOINT MOTION IN SUPPORT
OF APPROVAL OF SETTLEMENT OF COLLECTIVE ACTION AND
ATTORNEYS' FEES UNDER THE FLSA (ECF NO. 106)**

Plaintiffs filed this putative collective action claiming that Defendants violated the Fair Labor Standards Act ("FLSA") and Michigan Minimum Wage Law ("MWL"), Michigan Compiled Laws § 408.382 *et seq.*, by failing to pay minimum wage. (ECF No. 1 at Pg. ID 26-27, 33.) The Court conditionally certified the matter as a collective action. (ECF No. 63.) Thereafter, the parties reached a settlement. Plaintiffs subsequently filed a Joint Motion in Support of Approval of Settlement of Collective Action and Attorneys' Fees Under the FLSA

(ECF No. 106) and the Court held a Fairness Hearing on September 2, 2020. For the reasons stated on the record and that follow, the Court grants the motion.

## APPLICABLE LAW

### *Approval of the Settlement Agreement*

In deciding whether to approve a class action settlement, the "ultimate issue" for the Court is whether the proposed settlement "is fair, adequate and reasonable." *Williams v. Vukovich*, 720 F.2d 909, 921 (6th Cir. 1983). District courts must "appraise the reasonableness of particular class-action settlements on a case-by-case basis, in the light of all the relevant circumstances." *Evans v. Jeff D.*, 475 U.S. 717, 742 (1986).

> Several factors guide the inquiry: (1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest.

*Int'l Union, United Auto., Aerospace, & Agric. Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007). These factors were thoroughly reviewed with the parties during the September 2, 2020 Fairness Hearing. The Court finds that all of the factors set forth in *UAW*, 497 F.3d at 615, weigh in favor of final approval.

With respect to the first factor concerning the risk of fraud or collusion, the parties are represented by counsel with extensive experience litigating wage and hour class action lawsuits. Further, the Settlement Agreement was achieved only after arms-length and good faith negotiations between the parties and after class counsel conducted a thorough investigation of the facts and engaged in significant discovery. To help resolve the case, the parties engaged in mediation, thereby reinforcing that the Settlement Agreement is non-collusive. *See In re Delphi Corp. Sec., Derivative & "ERISA" Litig.*, 248 F.R.D. 483, 498 (E.D. Mich. 2008). As such, there is no indication of fraud or collusion.

With respect to the second factor, employment cases in general, and wage-and-hour cases in particular, are expensive and time-consuming. Moreover, the parties continue to disagree over the merits of Plaintiffs' claims. If forced to litigate this case further, the parties would engage in complex, costly and protracted litigation. The Settlement provides substantial relief to Representative Plaintiff and the Class Members promptly and efficiently, and amplifies the benefits of that relief through the economies of class resolution. Therefore, the second factor weighs in favor of final approval.

With respect to the third factor, the parties engaged in substantial investigation prior to negotiating the Settlement Agreement. Relevant information was exchanged, Plaintiffs' counsel thoroughly examined the records provided by

Defendants' counsel, and the legal issues in the case were thoroughly researched by counsel for the parties. Thus, all aspects of the dispute are well-understood by both sides, and the parties have completed enough discovery to recommend settlement.

With respect to the fourth factor, the risk of establishing liability and damages further weighs in favor of final approval. Here, the fact-intensive nature of Plaintiffs' claims and Defendant's affirmative defenses present risk. Litigation inherently involves risks." The settlement eliminates the uncertainty of a trial on the merits.

With respect to the fifth factor, as discussed during the Fairness Hearing, both Plaintiffs' and Defendants' counsel believe that the settlement is fair and reasonable, which weighs in favor of approving the settlement.

With respect to the sixth factor, the class' reaction to the settlement has been positive. No class member objected, and only one class member excluded herself from the settlement. "The fact that the vast majority of class members neither objected nor opted out is a strong indication" of fairness. *Wright v. Stern*, 553 F. Supp. 2d 337, 344-45 (S.D.N.Y. 2008); *Willix v. Healthfirst, Inc.*, No. 07 Civ. 1143, 2011 WL 754862, at *4 (E.D.N.Y. Feb. 18, 2011).

With respect to the seventh factor, public interest favors settlement. The Sixth Circuit has recognized that "the law generally favors and encourages the

settlement of class actions." *Franks v. Kroger Co.*, 649 F.2d 1216, 1224 (6th Cir. 1981). Therefore, when considering these factors, the courts apply a "strong presumption" in favor of finding a settlement to be fair. *In re Telectronics Pacing Sys., Inc.*, 137 F. Supp. 2d 985, 1008 (S.D. Ohio 2001) ("Being a preferred means of dispute resolution, there is a strong presumption by courts in favor of settlement."); *see also Bautista v. Twin Lakes Farms, Inc.*, 2007 WL 329162, at *5 (W.D. Mich. Jan. 31, 2007); *Robinson v. Ford Motor Co.*, 2005 WL 5253339, at *4 (S.D. Ohio June 15, 2005).

After reviewing the pleadings and the parties' joint motion, the Court finds that the parties' proposed settlement represents a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores, Inc.*, 679 F.2d at 1355.

### *Award of Attorneys' Fees*

Under the FLSA, courts must award costs and reasonable attorneys' fees to a prevailing plaintiff. *See* 29 U.S.C. § 216(b). Of primary concern is that an attorney fee award be reasonable. *Lavin v. Husted*, 764 F.3d 646, 649 (6th Cir. 2014). "In an individual FLSA action where the parties settled on the fee through negotiation, there is 'a greater range of reasonableness for approving attorney's fees.'" *Wolinsky*, 900 F.Supp.2d at 336 (internal citation omitted). However, the Court is required to carefully examine the settlement "to ensure that the interest of

plaintiffs' counsel in counsel's own compensation [did not] adversely affect the extent of the relief counsel [procured] for the clients.'" *Id.* (internal citation omitted).

The Court finds that the amount allocated for attorneys' fees is fair and reasonable considering the result reached in this case and the total number of hours that Plaintiffs' counsel dedicated to this matter. Thus, the Court approves the parties' proposed settlement with respect to attorneys' fees and costs.

## CONCLUSION

Accordingly,

**IT IS ORDERED** that the Joint Motion in Support of Approval of Settlement of Collective Action and Attorneys' Fees Under the FLSA (ECF No. 106) is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** with prejudice.

s/ Linda V. Parker  
LINDA V. PARKER  
U.S. DISTRICT JUDGE

Dated: October 22, 2020